ANNA R. McGRATH

*v.*

WILLIAM F. NORCROSS.

[Submitted September 16th, 1907.   Decided September 26th, 1907.]

1. Under the laws of 1901 (*P. L. 1901 p. 57*), authorizing suits to quiet title by claimants in peaceable possession, and providing that one claiming unoccupied land under a recorded deed, and having paid taxes thereon for five years, shall be presumed to be in possession, in a suit to quiet title to unoccupied lands, complainant should be made plaintiff in the issue at law framed by the court of chancery to enable a law court to settle the facts upon which the controverted title depends, unless some special conditions render it more convenient for the issue to be disposed of with the defendant in chancery made plaintiff in the issue at law.

2. In a suit to quiet title to unoccupied lands under the express terms of the laws of 1901 (*P. L. 1901 p. 57*), it is immaterial whether the issue at law, which is framed by the chancery court to enable a law court to settle the facts upon which the controverted title depends, be framed in the usual form of feigned issues resting upon a supposititious wager between the parties as to title, or whether a simpler form be adopted.

On bill to quiet title.   Motion to settle issue at law.

*Messrs. Collins & Corbin,* for the complainant.

*Mr. Thomas E. French,* for the defendant.

LEAMING, V. C.

I entertain the view that in a suit to quiet title to unoccupied lands, under the provisions of *P. L. 1901 p. 56,* complainant should be made plaintiff in the issue at law, which is framed by this court to enable a law court to settle the facts upon which the controverted title depends, unless some special conditions are found which operate to render it more convenient for the issue to be disposed of with the defendant in this court made plaintiff in the issue at law.

The practice, as stated in *2 Dan. Ch. Pl. & Pr. 1111,* is as follows:

"The party supporting the affirmative of the question to be. tried is usually directed to be the plaintiff in the issue. This is generally the plaintiff in equity; but the court will direct any other party to be plaintiff at law if the issue can be thus more conveniently raised."

The text quoted refers to feigned issues arising during the progress of ordinary suits in equity. In the statutory bill to quiet title peaceable possession by complainant of the land in question was required as a jurisdictional fact prior to the amendment of 1901. *Gen. Stat. p. 3486.* In a case arising under that requirement of the act it would seem to be appropriate to require the defendant to assume the affirmative of the issue in a court of law to support the title which he asserts as sufficient to overcome complainant's peaceable possession under claim of title. But where the preliminary jurisdictional adjudication in this court relates to unoccupied lands and ascertains no more than that complainant has paid taxes for five years and claims title to the land under a recorded deed, I am unable to discern the propriety of requiring defendant to assume the burden of the affirmative of the issue in the law court where the legal title is to be determined. In the former case the peaceable possession adjudicated in this court is sufficient to constitute a self-supporting title, and the propriety of requiring defendant to assume the burden in the law court to overthrow that title seems manifest; in the latter case the facts adjudicated are insufficient to constitute a *prima facie* title at law, and are without force except to entitle complainant to proceed under the amended act. Defendant in this case claims that substantial embarrassments would attend the assumption by him of the affirmative of the issue in the law court. I am not clear that such is the case; but whether these embarrassments are real or fancied I think that no reason exists in this case to depart from the general rule touching feigned issues from chancery, as defined by the text above quoted. I will advise an order for an issue at law with complainant as plaintiff.

I think it immaterial whether the issue be framed in the usual

form of feigned issues resting upon a supposititious wager between the parties as to the title, or whether a simpler form be adopted. As is stated in *American Dock and Improvement Co. v. Trustees, 37 N. J. Eq. (10 Stew.) 266,* the nature and purpose of the issue gives it character.